GLYNN & FINLEY, LLP
ANDREW T. MORTL, Bar No. 177876
ADAM FRIEDENBERG, Bar No. 205778
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
amortl@glynnfinley.com
afriedenberg@glynnfinley.com

Attorneys for Defendant GTE Mobilnet
of California Limited Partnership d/b/a
Verizon Wireless (erroneously sued and
referred to herein as "Verizon Wireless")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JANET PICKENS,<br><br>Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS,<br><br>Defendant. | Case No. CV-08-00004 MMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP'S NOTICE OF MOTION TO DISMISS PLAINTIFF JANET PICKENS' COMPLAINT**<br><br>Date:        February 29, 2008<br>Time:       9:00 a.m.<br>Courtroom: 7<br>Before:     Hon. Maxine M. Chesney |

Defendant GTE Mobilnet of California Limited Partnership doing business as Verizon Wireless (erroneously sued and referred to herein as "Verizon Wireless") submits this memorandum of points and authorities in support of its motion to dismiss the Complaint of Plaintiff Janet Pickens.

## I.   INTRODUCTION

Plaintiff's complaint is a frivolous figment of a quite obviously distressed imagination. Plaintiff alleges that Verizon Wireless "has made a cellular telephone by using the plaintiff's spirit form." (Compl., ¶ 11.) She knows this because "[t]he cellular telephone itself says that it

is 'Janet Pickens' not the 'Juke'." (*Id.*) Indeed, Plaintiff alleges that "[w]hen you ask the particular cell phone who it is, is [sic] says 'Janet Pickens'." (*Id.*, ¶ 10.)

Filing such claims is apparently something of a hobby for Plaintiff. We are aware of at least seven actions Plaintiff has commenced in the last year in the San Francisco Superior Court alone. (Request For Judicial Notice, Exs. A-G.) The "allegations" set forth in many of those other complaints are similar to those at issue here. For example, Plaintiff seeks $1,000,000,000 from Genentech, whose employees, she alleges, "have used computers, cellular telephones, and immitation [sic] clones, to experiment and control certain situations and individuals . . . and think that they can do whatever they want. . . ." (*Id.*, Ex. A ¶ 11.) In another action, Plaintiff alleged that SourceCorp., Inc., "has continued to use its computers to control individuals. . . ." (*Id.*, Ex. B ¶ 11.) She has sued the Superior Court of California for $10,000,000,000, apparently for "put[ting] 'Off Calendar'" defaults entered in some of the actions she has filed. (*Id.*, Ex. C ¶¶ 11, 14.) These are but a few examples.

That Plaintiff needs assistance we do not dispute. The help she requires is not, however, of the sort the Court can provide. The Complaint self-evidently fails to state a claim, and sets forth no facts from which an actionable claim could be alleged. The Court should therefore grant this motion, and dismiss the Complaint -- with prejudice.

## II.    ARGUMENT

### A.    The Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

Although the Federal Rules provide a liberal system of "notice pleading," Plaintiff is still required to allege sufficient facts to "raise a right to relief above the speculative level" and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotations and citations omitted). "A complaint must proffer 'enough facts to state a claim for relief that is *plausible on its face*.'" *Grajeda v. Horel*, 2007 WL 4166040, *1, 2 (N.D. Cal. November 19, 2007) *citing Twombly*, 127 S. Ct. at 1974 (emphasis added). Further, the heightened liberality shown to *pro se* litigants does not authorize the Court to rewrite the pleadings to find a valid claim where one does not lie. *See* Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. Pro.*

*Before Trial* (The Rutter Group 2007) at 8:24.1 *citing GJR Invetments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Rather, even a *pro se* Plaintiff must meet a minimum pleading threshold of setting forth some factual basis for the complaint. *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff here fails to meet even this standard.

Plaintiff makes the following "factual" allegations: "The defendants has [sic] made a cellular telephone (the Juke by Samsung) by using the plaintiff's spirit form. When you ask the particular cell phone who it is, is [sic] says 'Janet Pickens'. The defendants did this without the permission of the plaintiff, Ms. Pickens." (Compl. ¶ 10.) Thus, although Plaintiff checked a box identifying her claim as one for "General Negligence" (*Id.*), her true claim is for misappropriation of "plaintiff's spirit form." (*Id.*, ¶¶ 10, 11.) California law, of course, recognizes no such right of action. For this reason alone, the Complaint fails to state, and could not be amended to state, any cognizable claim. Dismissal, with prejudice, is therefore required.

The Complaint likewise fails to state a claim for negligence. The California Judicial Council form complaint used by Plaintiff requires that for each cause of action alleged therein the "complaint must have one or more causes of action attached." (Compl. ¶ 10.) The attachment referred to is a separate form on which the plaintiff is required to set forth the facts establishing the elements of the alleged claim for negligence. (*See* Request For Judicial Notice, Ex. D at p. 4.) Plaintiff, however, has failed to append the required attachment to the Complaint, and has thus failed to allege the requisite elements. For this additional reason, therefore, the Complaint necessarily fails to state a claim upon which relief can be granted and must be dismissed.

Plaintiff's "factual" allegations likewise fail substantively to plead a claim for negligence. " '[T]he well-known elements of any negligence cause of action [are] duty, breach of duty, proximate cause and damages.' " *Berkley v. Dowds*, 152 Cal.App.4th 518, 526 (2007) *quoting Artiglio v. Corning Inc.*, 18 Cal.4th 604, 164 (1998). Plaintiff does not even allege the existence of any duty owed by Verizon Wireless to her, much less any facts to support such an allegation, and of course the law recognizes no property right in one's "spirit form." Although the Complaint prays for damages of $500,000, it alleges no facts to establish this loss or otherwise to

1  show any real injury.  The Complaint fails to state a claim upon which relief can be granted, and
2  dismissal is therefore required.

3       **B.    As Any Amendment Would Be Futile, The Court Should Dismiss The Complaint With Prejudice.**
4

5       Where "the allegation of other facts consistent with the challenged pleading could not
6  possibly cure the deficiency" leave to amend should not be granted.  *Schreiber Distributing Co.*
7  *v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Here, the Complaint suffers
8  from a fundamental and incurable deficiency:  the non-existence of the claim Plaintiff asserts
9  (spirit form theft).  Thus, any amendment would be futile and would serve only to waste further
10 judicial resources.  The Court should therefore dismiss the Complaint with prejudice.

11 **III.   CONCLUSION**

12      For all the foregoing reasons, the Court should grant this motion and dismiss Plaintiff's
13 Complaint with prejudice.

14      Dated: January 9, 2008

15      GLYNN & FINLEY, LLP
     ANDREW T. MORTL
16      ADAM FRIEDENBERG
     One Walnut Creek Center
     100 Pringle Avenue, Suite 500
17      Walnut Creek, CA  94596

18

19      By _[signature]_
     Attorneys for Defendant GTE Mobilnet
20      of California Limited Partnership d/b/a
     Verizon Wireless (erroneously sued and
21      referred to herein as "Verizon Wireless")

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS